# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **V.R. and A.V.**

**No. 17-0933** (Wetzel County 16-JA-2 and 3)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.R., by counsel John M. Jurco, appeals the Circuit Court of Wetzel County's July 11, 2017, order terminating her parental rights to V.R. and A.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Elmer Earl Bowser, Jr., filed a response on behalf of the children in support of the circuit court's order. Petitioner submitted a supplemental appendix and a reply. On appeal, petitioner argues that the circuit court erred in proceeding to disposition without properly adjudicating her as an abusing parent, proceeding to disposition when the DHHR did not file a timely case plan, and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 6, 2016, the DHHR filed a petition alleging that petitioner abused and neglected her three children. Specifically, the petition alleged that petitioner physically abused J.R., resulting in multiple contusions and a concussion, as documented by medical records.[2] The petition further alleged that all three children resided in the home with petitioner and that the children were in imminent danger. According to the DHHR, petitioner's children were also removed from her custody in 2013 upon the filing of an abuse and neglect petition alleging non-accidental injuries to J.R. by petitioner's boyfriend at that time. Petitioner was adjudicated as an abusing parent and completed an improvement period with extensive services in the prior

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner voluntarily relinquished her parental rights to J.R. and, therefore, he is not at issue in this appeal and resides with his non-abusing father.

1

proceeding before the petition against her was dismissed. In the instant case, petitioner waived her preliminary hearing in March of 2016.

On May 9, 2016, petitioner executed a voluntary relinquishment of her parental rights to J.R. That same day, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations of the abuse to J.R. The circuit court adjudicated petitioner as an abusing parent in regard to all three children and accepted her relinquishment. Petitioner moved for a post-adjudicatory improvement period with regard to V.R. and A.V., which the circuit court did not rule on at that time.

On June 9, 2016, the circuit court granted petitioner's motion for a post-adjudicatory improvement period following a hearing on the motion. As part of her improvement period, petitioner submitted to a psychological and parental fitness evaluation. The psychologist found that petitioner had "concerning personality traits" and "an extensive history of engaging in poor decision making with regard to her children and romantic partners." The psychologist also reported that petitioner had a poor prognosis for parental improvement. Additionally the psychiatrist found that petitioner failed to accept responsibility for the abuse to her son, J.R., and lacked a bond with her daughters, V.R. and A.V. In conclusion, the psychiatrist reported that the children would be at risk of abuse if returned to petitioner's care. In December of 2016, the DHHR moved to terminate petitioner's improvement period and to proceed to disposition. In February of 2017, the circuit court granted petitioner's motion for a second psychological and parental fitness evaluation by a psychologist of petitioner's choosing. The results of the second psychological evaluation were substantially the same as the results of the first, except that the second evaluation specifically diagnosed petitioner with a "personality disorder."

Prior to the dispositional hearing, petitioner executed a voluntary relinquishment of her parental rights to her daughters, V.R. and A.V. However, the circuit court refused the voluntarily relinquishment of her parental rights and held the dispositional hearing on March 17, 2017. The psychologist testified that the evaluations showed that petitioner had a personality disorder and a poor to non-existent prognosis for parental improvement. Petitioner presented the testimony of J.V., the father of A.V., as well as his two sisters and cousin, who supervised visits throughout the proceedings. All four witnesses testified that they observed petitioner showing affection toward her daughters and never saw her harm them. Petitioner denied allegations of abuse and neglect and testified that she "wasn't as attached to [J.R.]" as she should have been. Petitioner requested a disposition pursuant to West Virginia Code 49-4-604(b)(5).[3] The circuit court noted at the dispositional hearing that it had not received a case plan from the DHHR and ordered that it be submitted by March 24, 2017. The DHHR submitted the case plan and the circuit court took the matter under advisement. The circuit court found that it was unlikely that petitioner's ability

---

[3]West Virginia Code § 49-4-604(b)(5) provides, in part, that

[u]pon a finding that the abusing parent or battered parent or parents are presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court.

to parent would improve, that it was unlikely that she would benefit from services, and that the children continued to be at risk. The circuit court also found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in proceeding to disposition when she was not properly adjudicated as an abusing parent as to V.R. and A.V. She further argues that the petition failed to make any allegations of abuse and neglect to V.R. and A.V. We disagree. West Virginia Code § 49-4-601(b) provides, in part, that "[t]he petition shall allege specific conduct including time and place, how the conduct comes within the statutory definition of neglect or abuse with references thereto, any supportive services provided by the department to remedy the alleged circumstances and the relief sought." West Virginia Code § 49-1-201(A) provides that an abused child is "(1)[a] child whose health or welfare is being harmed or threatened by: (A)[a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child *or another child in the home*[.]" (emphasis added). We have held that

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parents(s), guardian, or custodian, another child residing in the home when the abuse took

---

[4]Both V.R. and A.V. are placed with A.V.'s biological father, a non-abusing parent. Z.B., the biological father of V.R., voluntarily relinquished his custodial rights, but retains his parental rights to the child. According to the DHHR and the guardian, the permanency plan is for the children to remain with the non-abusing father.

place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W.Va. Code [§] 49-1-3(a) (1994) [now West Virginia Code § 49-1-201].

Syl. Pt. 2, *In re: Christina L.*, 194 W.Va. 446, 460 S.E.2d 692(1995).

Here, petitioner argues that the petition was insufficient, as it did not allege any specific abuse of V.R. or A.V.; however, the petition clearly set forth that V.R. and A.V. resided in petitioner's home at the time she physically abused J.R. and, therefore, were also at risk of abuse. Despite a lack of admission by petitioner that she physically abused V.R. or A.V., petitioner stipulated to the abuse of their sibling, J.R., and petitioner did not contest that all three children lived with her at the time the petition was filed. The circuit court found, and specifically indicated in its adjudication order, that V.R. and A.V. were abused and neglected children under West Virginia Code §§ 49-1-201 and 49-4-601. Based on this evidence, we find that the petition sufficiently alleged the abuse of all three of petitioner's children and that adjudication as to V.R. and A.V. was proper.

Next, petitioner argues that the circuit court erred in proceeding to disposition when the DHHR failed to timely submit a case plan. We find this argument meritless. While it is true that West Virginia Code § 49-4-604(a) requires that a family case plan be filed at least five days prior to disposition, the Court does not find reversible error on that issue under the circumstances of this case.

We have held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 624, 558 S.E.2d 620, 623 (2001).

Petitioner was not prejudiced by the absence of a case plan being filed prior to the dispositional hearing, and although the DHHR did not submit the case plan prior to the dispositional hearing, the circuit court received the case plan and took it under advisement before entering the final dispositional order. Therefore, we find that, under the specific circumstances of this case, the DHHR's failure to timely file a case plan does not constitute a substantial disregard or frustration of the applicable rules or statutes such that vacation of the dispositional order is warranted.

Petitioner also argues that the circuit court erred in refusing to accept her offer to voluntarily relinquish her parental rights. We have held that

> [a] circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and

4

proceed to a decision on involuntary termination. Such discretion must be exercised after an independent review of all relevant factors, and the court is not obliged to adopt any position advocated by the Department of Health and Human Resources.

Syl. Pt. 4, *In re James G.*, 211 W.Va. 339, 566 S.E.2d 226 (2002). Here, the circuit court was within its discretion to reject petitioner's proffered voluntary relinquishment of her parental rights to V.R. and A.V. and we find no error.

Alternatively, petitioner argues that the circuit court erred in terminating her parental rights instead of employing a less-restrictive disposition under West Virginia Code § 49-4-604(b)(5). We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Further, we have held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, petitioner failed to acknowledge the abuse of her son, lacked a bond with V.R. and A.V., and had a poor prognosis for parental improvement. Based on this evidence, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was in the children's best interests. As previously stated, pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are to terminate parental rights upon these findings. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, this Court reminds the circuit court of its duty to establish a permanent placement for V.R. Because the child's biological father, Z.B., still retains his parental rights to the child, and because the child does not have any biological or legal relationship to the current custodian, this Court has concerns about the permanency of the child's placement. As it stands, Z.B. may still undermine this placement by attempting to exert his parental rights. Rule 3(n)(3) of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[a] permanent out-of-home placement has been achieved only when the child has been adopted, placed in a legal guardianship, placed in another planned permanent living arrangement (APPLA), or

emancipated[.]" The Court hereby orders the DHHR and the circuit court to analyze the child's current placement to ensure that it complies with this definition and take any further steps, including the filing of an abuse and neglect petition against Z.B. pursuant to West Virginia Code § 49-4-601, if deemed necessary to achieve permanency for the child.

Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

[t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

[i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 11, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2018

6

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker